Henry A. Foley, Ph.D. Executive Director Colorado Department of Social Services 1575 Sherman Street Denver, Colorado 80203
Dear Dr. Foley:
Pursuant to our discussions during the last three weeks, we have analyzed the status of funding for Medicaid abortions under the Colorado Medicaid Program, pursuant to the Colorado Medical Assistance Act, C.R.S. 1973, 26-4-101, et seq., and Title XIX of the Social Security Act of 1935.
QUESTION PRESENTED AND CONCLUSION
If funds are legally available, does the Board of Social Services have authority to limit benefits for elective Medicaid abortions under the 1977-78 Long Bill and the Medical Assistance Act?
My conclusion is "no."
ANALYSIS
As you are aware, on September 30, 1976, Congress enacted Public Law 94-439, Departments of Labor and Health, Education and Welfare Appropriations Act, 1977, containing Section 209, commonly known as the Hyde Amendment. This provision states:
 None of the funds contained in this Act shall be used to perform abortions except where the life of the mother would be endangered if the fetus were carried to term.
On October 1, 1976, a temporary restraining order was entered by the United States District Court for the Eastern District of New York, followed by the entry of a preliminary injunction on October 29, 1976, which stayed the implementation of the Hyde Amendment. McRae v. Mathews, 421 F. Supp. 533
(E.D.N.Y. 1976). Thereafter, the McRae case was appealed to the United States Supreme Court, but jurisdiction was not noted pending determination of the two cases then before the Supreme Court concerning state limitations on access to elective Medicaid abortions. The State of Colorado also mounted a challenge to the Hyde Amendment by seeking to intervene before the United States District Court for the District of Columbia District, but was denied intervenor status, and the case was dismissed. Doe v. Mathews, 422 F. Supp. 141 (D.D.C. 1976). On June 20, 1977, the Supreme Court handed down decisions in the cases of Beal v. Doe, No. 75-554, 45 U.S.L.W. 4781 and Maher v. Roe, No. 75-1440, 45 U.S.L.W. 4787. Thereafter, on June 29, 1977, the Supreme Court remanded theMacRae case to the District Court for further consideration in light of Beal and Maher. Proceedings were begun shortly thereafter in the McRae
case, which culminated in the District Court's lifting of its preliminary injunction on August 4, 1977. The Hyde Amendment expires by its terms with the close of the 1976-77 federal fiscal year, on September 30, 1977.
The issue presented at this juncture is the demand which has been made by the federal government, and most recently formally conveyed by Health Care Financing Administration Regional Memorandum No. 77-27, dated August 15, 1977, that the State of Colorado now proceed to deny federal financial participation for elective Medicaid abortions in accordance with the Hyde Amendment. Memorandum 77-27 specifically states that the Department of Health, Education and Welfare will take the position that although Title XIX recipients may not have been given timely notice, there will be no extension of federal financial participation for elective Medicaid abortions past August 4, 1977. In light of the Colorado General Assembly's failure to enact any legislation concerning abortion or the availability of State funds for elective Medicaid abortions under the Colorado Medical Assistance Act, the question is what action the Colorado State Department of Social Services and the Colorado State Board of Social Services may or should take in light of the Hyde Amendment's apparent preclusion of federal financial participation for elective Medicaid abortions.
An examination of the Colorado Medical Assistance Act, C.R.S. 1973, 26-4-101, et seq., as amended by House Bill 1144 (1977 Session), indicates that the services to be provided under the Act are limited to those services contemplated by the provisions of Title XIX of the Social Security Act of 1935, as stated by the legislative declaration, C.R.S. 1973, 26-4-102. In addition, the program is to be "uniform to the extent required by Title XIX of the Social Security Act." C.R.S. 1973, 26-4-104. Thus, the legislature clearly intended to conform the assistance available under the Colorado Medical Assistance Act to the Social Security Act. However, the legislature did not thereby indicate any intention to conform to a rider to the Department of Health, Education and Welfare Appropriations Act, such as the Hyde Amendment. Indeed, the Colorado Medical Assistance Act does not make reimbursement by the State pursuant to the Act dependent upon the availability of federal reimbursement, and merely states an entitlement to "basic services," as defined in C.R.S. 1973, 26-4-105, as amended. The services to be included are those "asdefined by federal law." House Bill 1144 (1977 Session), section 3 (emphasis added), including "inpatient," "outpatient," "physicians" and "family planning" services. Those terms have never been defined such as to exclude elective Medicaid abortions.
The Supreme Court, in the case of Beal v. Doe,supra, specifically held that although Title XIX of the Social Security Act does not require the funding of elective Medicaid abortions as a condition of participation in the Federal Medicaid Program established by that Act, that language of42 U.S.C. § 1396(a)(17) confers broad discretion on the states to adopt standards for determining the extent of medical assistance to be provided under Title XIX, requiring only that such standards be "reasonable" and "consistent with the objectives" of Title XIX. The court specifically indicated that the failure of Congress to exclude abortions from coverage indicated that Congress intended to allow such coverage. See,Beal v. Doe, supra, 45 U.S.L.W. at 4783, footnote 10. In accordance with the Colorado Medical Assistance Act, and Title XIX of the Social Security Act, as now construed by the Supreme Court, the Colorado Department of Social Services has consistently provided coverage for elective Medicaid abortions under the Colorado Medicaid Program, and the Colorado State Plan for Medicaid reflects that policy position.
The Hyde Amendment does not constitute a "federal requirement under Title XIX," as contemplated by the general language of C.R.S. 1973, 26-4-115, for federal funds. Moreover, the explicit holding of the Beal case reinforces the view that Title XIX continues to permit the states to fund elective Medicaid abortions under their Medicaid programs. The effectiveness of the Hyde Amendment in precluding federal financial participation in light of the broad entitlement stated in Title XIX has yet to be determined. Thus, the only legal basis for restricting funding of elective Medicaid abortions at this juncture is the language in C.R.S. 1973, 26-4-115 concerning the limitation of "available appropriations." Of course, at the time that the Colorado General Assembly was debating the 1977-78 Long Bill, it may be presumed that the legislature proceeded upon the assumption that elective Medicaid abortions would be continued to be funded as a part of the Federal Medicaid Program. Accordingly, no special provision was made in the Long Bill for appropriation of the federal share — approximately 53% — of elective Medicaid abortions, for which the State apparently will not receive federal financial participation under the Hyde Amendment. Likewise, the legislature made no provision in the Long Bill or any other legislation for terminating the availability of State funds should federal funds become unavailable, as they have under the Hyde Amendment. The Governor's veto of the "(M)" endnotes removed any restriction on the matching of federal monies under the Colorado Medicaid Program. Thus, the only question remaining for resolution is the effect of the limitation to "available appropriations" contained in C.R.S. 1973, 26-4-115 and the actual availability of State funds to respond to the entitlement created by C.R.S. 1973, 26-4-205, as amended.
In the event that appropriations are not available for the purpose of funding elective Medicaid abortions, it is my opinion that the State Board of Social Services may limit the services to be provided under the Colorado Medicaid Program to those which can be provided with the appropriations which are available for expenditure, i.e., the 47% State share of elective Medicaid abortions presumably contemplated in the Long Bill. However, in the event that State funds are available to make up for any loss of federal financial participation under the Hyde Amendment, it is my opinion that the State Board of Social Services does not have the authority under the Colorado Medical Assistance Act and the Long Bill to limit benefits for elective Medicaid abortions, and the only rules changes permitted would be those necessary to qualify for federal financial participation, under C.R.S. 1973, 26-4-115 and Memorandum 77-27.
The question of whether or not appropriations are available for Medicaid abortions is not an appropriate subject for a legal opinion, and I must defer to the State Board of Social Services' assessment of whether or not funds are available to sufficient amount to allow for 47% or 100% State funding of elective Medicaid abortions through the end of the current federal fiscal year. Should the Hyde Amendment be replicated by a new rider to the next Department of Health, Education and Welfare Appropriations Act, as is now under debate in the Congress, the State Board of Social Services will have to reassess its position and reassess the availability of appropriations for elective Medicaid abortions during the forthcoming federal fiscal period. However, given the lack of any line item relating to elective Medicaid abortions, or any other segregation of elective Medicaid abortions in the general description of the budget of the Division of Medical Assistance in the 1977-78 Long Bill, there is no method by which it can be legally determined whether or not sufficient appropriations are available to fund elective Medicaid abortions.
I have asked my staff to work with you in developing rules in order to comply with the requirements of Memorandum 77-27, in order to maximize federal financial participation for Medicaid abortions and minimize the impact of the apparent preclusion of federal financial participation for elective Medicaid abortions on the State. It is my understanding that rules will be prepared and presented to the State Board of Social Services at its meeting scheduled for Friday, September 2, 1977, which will address those issues. In addition, at the meeting on Friday, the Department should be prepared to present its position concerning the availability of appropriations through the end of the current federal fiscal year, in order to determine the level of funding of elective Medicaid abortion services for which federal financial participation is not available under the Hyde Amendment which should be undertaken by the State through September 30, 1977. You should also be prepared at that time to make a decision concerning continued billings to the federal government in light of the State's legal opposition to the Hyde Amendment, as contained in the pleadings in the case of People of theState of Colorado, ex rel. Richard D. Lamm, Governor,State of Colorado and Colorado Department of SocialServices v. Califano, No. 76-1971, now pending in the United States Court of Appeals for the District of Columbia Circuit. My staff will be available to assist you in preparing for these important policy decisions. If you have any further questions, please address them directly to Joseph N. de Raismes, First Assistant Attorney General, who will be coordinating our response in this matter.
SUMMARY
If funds are legally available, the Board of Social Services does not have authority under the Medical Assistance Act and the 1977-78 Long Bill to limit benefits for elective Medicaid abortions.
Very truly yours,
 J.D. MacFARLANE Attorney General
ABORTION MEDICAID AND MEDICARE
C.R.S. 1973, 26-4-115
SOCIAL SERVICES, DEPT. OF Medicaid
If funds are legally available, the Board of Social Services does not have authority under the Medical Assistance Act and the 1977-78 Long Bill to limit benefits for elective Medicaid abortions.